## S. D. CADY, RESPONDENT, *v.* S. P. SCANIKER, APPELLANT.

DAMAGES ON APPEAL.—Affidavits can not be read in support of a motion for damages for failure to prosecute an appeal.

IDEM.—There is no question of the right of this court to allow damages in cases when appeals have been taken merely for delay, and no transcript ever called for.

APPEAL from the third judicial district, Ada county. The facts appear in the opinion of the court.

*Curtis & George* for the motion. The only authorities referred to were the statutes, sec. 293, p. 142, and *Buckley & Morris* v. *Stebbins,* 2 Cal. 149.

*T. Burmester,* opposing the motion, cited *Osborn* v. *Hendrickson,* 6 Cal. 175.

CUMMINS, J., delivered the opinion of the court, MCBRIDE, C. J., concurring.

On motion of respondent, based upon the certificate of the clerk of the court below, this cause was placed on the calendar in the early part of this term. The certificate of the clerk referred to shows that "judgment and decree of foreclosure and sale of mortgaged premises" was rendered by the district court on the seventeenth of May, 1867, the judgment and costs amounting to the sum of six hundred and thirty-one dollars and thirty-seven cents. On the twenty-ninth of May, the defendant filed a notice of appeal and an appeal bond, and duly served the notice on the respondent. The certificate further shows that no transcript has been called for or furnished to any one. On the third of August, 1867, the appellant paid off the judgment and the respondent entered satisfaction thereof on the clerk's docket.

Upon this state of facts, the respondent moves for ten per cent. damages for failure to prosecute the appeal, accompanying his motion with an affidavit to the effect that the appellant told the affiant he did not intend that the case should ever be taken to the supreme court, but that he simply wanted time, etc. Appellant objects to the filing of this affidavit. The objection to the filing of the affidavit will be sustained. To permit the practice contended for by the respondent would be in effect to allow questions of fact in the first instance to be inquired into in this court. This can not be done.

There is no question of our right to allow damages in cases of this character, under section 293 of the civil practice act. Parties have no right to call in aid the forms of

law under the right to appeal to a superior court simply for the purpose of delaying the judgment creditor in the receipt of his money on his judgment. The right of appeal was given for an entirely different purpose. The fact that this judgment was paid off and no transcript ever called for by the appellant, is *prima facie* evidence of his intention merely to delay the execution of such judgment. But as the imposition of damages in cases on appeal is a proper subject for regulation by rule, and no rule of court having yet been established, we will for that reason deny the motion for damages. It might be deemed a hardship to inflict damages in any particular case in the absence of a rule on that subject.

Motion for damages denied, and appeal dismissed with costs.